John P. Flynn (State Bar No. 141094)
McLEOD, WITHAM & FLYNN LLP
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
Telephone: (415) 874-3410
Fax: (415) 874-3001

Attorneys for Defendant
RAE SYSTEMS INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLIMASTER LTD. and NA&SE TRADING CO., LIMITED<br><br>       Plaintiffs<br><br>vs.<br><br>RAE SYSTEMS INC.<br><br>       Defendant | Case No. C 05-01887-JF-HRL<br><br>**FIRST AMENDED AND RESTATED STIPULATION AND [PROPOSED] ORDER RE STAY OF EXECUTION OF JUDGMENT IN FAVOR OF RAE SYSTEMS INC.** |

       Plaintiffs Polimaster Ltd. and Na&Se Trading Co., Ltd. (collectively, "Polimaster") and defendant RAE Systems Inc. ("RAE") hereby stipulate and agree that the Court's order staying execution of the judgment in favor of RAE, and permitting the registration of the Court's judgment in other districts subject to the stay, shall remain in effect pending Polimaster's appeal from the judgment, subject to the following conditions:

       1.     Polimaster shall wire transfer $1,394,692 to the client trust account of McLeod, Witham & Flynn LLP for the benefit of RAE Systems Inc. by May 15, 2009. The wire instructions are as follows:

               **Beneficiary**: RAE Systems Inc. held in trust by McLeod, Witham & Flynn LLP as attorneys

               **Account Number: 01-141201**

**Beneficiary Bank:**   American Business Bank
523 West Sixth Street, Suite 900
Los Angeles CA 90014
(213) 430-4000
Attention:  Jessica Pruit (ext. 4011) or
Noemy Molina (ext. 4010)

**Bank Routing** #:  122042807

2.      Thereafter, by no later than June 15, 2009 and continuing by no later than the 15th of each month thereafter, or if that day is a Saturday, Sunday or holiday, the first preceding business day, Polimaster shall wire transfer an additional $116,224.25 per month until the entire amount deposited equals the amount of the judgment ($2,789,383.44) plus accrued interest at the judgment rate of 0.43 percent per annum on any amounts not satisfied by Polimaster pursuant to this Stipulation and Order. After the principal amount of the judgment has been paid pursuant to the twelve monthly payments in the amount set forth above, the thirteenth payment by Polimaster shall consist of a payment for the accrued interest.

3.      McLeod, Witham & Flynn shall maintain the amounts transferred by Polimaster in an account that is 100% insured by the FDIC for the remainder of 2009, and thereafter if such insurance is made available by American Business Bank.  If such insurance by the FDIC does not remain available, any uninsured balance in the account will be converted into United States Treasuries and maintained in the account.

4.      Transfer of the funds by Polimaster to the client trust account of McLeod, Witham & Flynn LLP, as set forth above, shall constitute satisfaction of the Judgment by Polimaster, and in favor of RAE, to the extent of the amounts transferred, and shall relieve Polimaster of any further obligation with respect to those amounts, including the obligation to pay interest on the Judgment with respect to those amounts.  RAE assumes all risk of any loss in the funds after they are transferred by Polimaster to the account identified herein.  Interest on the amounts transferred by Polimaster to the client trust account of McLeod, Witham & Flynn LLP for the benefit of RAE shall be for the benefit of RAE.

5.    Polimaster shall provide notice and written confirmation to RAE's counsel by email (at jpf@mcleodwitham.com) that the funds have been transferred by no later than May 15, 2009, and shall provide notice and written confirmation by email that the additional monthly installments have been transferred by no later than 5:00 p.m. Pacific daylight time on the day each installment is due.

6.    The amounts transferred by Polimaster shall be maintained in the client trust account of McLeod, Witham & Flynn LLP, and under no circumstances will the transferred funds be distributed to RAE or Polimaster, until the Ninth Circuit has ruled on Polimaster's appeal.  McLeod, Witham & Flynn LLP shall release the funds in the account to RAE and/or Polimaster within seven days of the Ninth Circuit's final ruling on the appeal, in accordance with the Ninth Circuit's decision.  RAE assumes all risk of any failure by McLeod, Witham & Flynn LLP to properly distribute the funds in the account identified herein and RAE agrees to make Polimaster whole in the event such funds should be, but are not distributed to Polimaster in accordance with the terms set out herein.

7.    Polimaster acknowledges and agrees that time is of the essence with respect to its obligation to transfer $1,394,692 no later than May 15, 2009, to transfer the additional monthly installments thereafter, and to provide written notice and confirmation to RAE's counsel, all as set forth above.

8.    Polimaster's strict compliance with the foregoing terms and conditions shall satisfy its obligation to post a supersedeas bond in order to stay further enforcement proceedings, and RAE will take no further action to enforce the Judgment so long as Polimaster remains in strict compliance with the terms and conditions set forth above.

9.    In the event Polimaster fails to comply strictly with any of the foregoing obligations, RAE may inform the Court by ex parte letter, copied to counsel for Polimaster, and the Court shall promptly issue an order, in the form attached hereto as Exhibit A, providing that (a) the stay of execution is vacated with respect to any remaining unsatisfied portion of the judgment ; (b) Polimaster and Na&Se shall each

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

provide complete responses to RAE's interrogatories served on March 26, 2009 pursuant to Fed. R. Civ. P. 33 and 69 within 15 days of the Court's order; and (c) that pursuant to 28 U.S.C. section 1963, and the Court's prior orders re registration, RAE is permitted to register the Court's judgment in any district in which Polimaster may have assets.

1    10.    Polimaster's agreement hereto does not in any way waive Polimaster's right to

2    appeal from or otherwise challenge the judgment.

3    IT IS SO STIPULATED.

4

5

6    Dated:  May 14, 2009                    McLeod, Witham & Flynn LLP

7

8                                            By____/s/_____
                                                John P. Flynn
9                                               Attorneys for Defendant
                                                RAE SYSTEMS INC.
10

11

12   Dated:  May 14, 2009                    The Garden Law Firm, P.C.

13

14                                           By____/s/_____
                                                Kevin R. Garden
15                                              Attorneys for Plaintiffs
                                                POLIMASTER LTD. AND
16                                              NA&SE TRADING CO., LTD

17

18

19                              **ORDER**

20        It is so ordered.

21

22   Dated:  ___5/29/09_____

23                                                    _____
                                             The Honorable Jeremy Fogel
24

25

26

27

28

FIRST AMENDED AND RESTATED STIPULATION AND [PROPOSED] ORDER RE STAY OF
EXECUTION OF JUDGMENT IN FAVOR OF RAE SYSTEMS INC.

# EXHIBIT A

McLEOD, WITHAM & FLYNN LLP
John P. Flynn (Bar No. 141094)
505 Montgomery Street, 11th Floor
San Francisco, California 94111
Tel: (415) 874-3410
Fax: (415) 874-3001
jpf@mcleodwitham.com

Attorneys for Defendant
RAE SYSTEMS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| POLIMASTER LTD., NA&SE TRADING CO., LIMITED | Case No. C 05-01887- JF HRL |
| Plaintiffs, | **ORDER RE SUPERSEDEAS BOND AND STAY OF EXECUTION OF JUDGMENT IN FAVOR OF RAE SYSTEMS INC.** |
| v. | |
| RAE SYSTEMS INC. | |
| Defendant. | |

Pursuant to the Stipulation And Order Re Stay Of Execution Of Judgment In Favor Of RAE Systems Inc. (the "Stipulation and Order"), and based on defendant RAE Systems Inc.'s ex parte notice of Polimaster Ltd. and Na&Se Trading Co., Ltd.'s failure to comply, it is hereby ordered that:

1.  The stay of execution provided in the Stipulation and Order is hereby vacated with respect to any remaining portion of the judgment unsecured by the supersedeas bond currently posted with the Court;

2.  Within 15 days hereof, Polimaster and Na&Se shall each provide complete responses to the interrogatories served by RAE on March 26, 2009 pursuant to Fed. R. Civ. P. 33 and 69; and

3.  Pursuant to 28 U.S.C. section 1963, and this Court's prior order re registration, RAE is permitted to register this Court's judgment in any district in which Polimaster may have assets.

IT IS SO ORDERED

Dated:  5/29/09

_____

The Honorable Jeremy Fogel
United States District Court Judge